# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LULA DONALSON, WIDOW OF
CHARLES LEWIS DONALSON,
Claimant Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0993** (BOR Appeal No. 2052944)
(Claim No. 890041454)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,
Commissioner Below, Respondent**

**and**

**BLOUNT BROTHERS CORP.,
BENJAMIN F. SHAW CO., and
UNION BOILER CO.,
Employers Below, Respondents**

## MEMORANDUM DECISION

Petitioner Lula Donalson, widow of Charles Lewis Donalson, by Counsel Robert M. Williams, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is dependent's benefits. The claims administrator rejected the claim for dependent's benefits on October 5, 2016. The Office of Judges affirmed the decision in its April 30, 2018, Order. The Order was affirmed by the Board of Review on October 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no

1

substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Donalson, a coal miner, worked in the mines for thirty-nine years. The Occupational Pneumoconiosis Board found sufficient evidence on September 19, 1989, to diagnose Mr. Donalson with occupational pneumoconiosis; however, it found no impairment attributable to the disease at that time. On December 30, 1998, Mr. Donalson was granted a 10% permanent partial disability award for occupational pneumoconiosis.

A pulmonary function study was performed on July 31, 2003, by Dominic Gaziano, M.D. It indicated Mr. Donalson's x-rays showed bilateral interstitial lung disease as well as pleural abnormalities consistent with pneumoconiosis. There were no parenchymal changes consistent with pneumoconiosis. On June 3, 2004, the Occupational Pneumoconiosis Board found that Mr. Donalson had 20% impairment due to occupational pneumoconiosis. Pulmonary function testing was performed at Camden Clark Medical Center on June 2, 2005. Post-bronchodilator testing failed to show a significant change in FVC, FEV1, or FEF. This indicated that bronchodilator therapy would not be helpful. Pulmonary function testing was performed again on June 9, 2006, by Camden Clark Medical Center and showed moderately restrictive ventilatory defect but no diffusion defect.

Mr. Donalson underwent chest x-rays on June 6, 2007, which showed stable enlargement of the heart and chronic obstructive pulmonary disease with multiple, bilateral calcified pleural plaques consistent with asbestos related pleural disease with chronic pleural thickening. There were no acute pulmonary infiltrates. X-rays were taken again on October 15, 2009, and showed bilateral multifocal calcified plaques, most likely indicative of prior asbestos exposure.

Treatment notes from Mid-Ohio Valley Medical Group indicate Mr. Donalson underwent quadruple coronary artery bypass. He was diagnosed with chronic atrial fibrillation, chronic obstructive pulmonary disease, and congestive heart failure. Treatment notes from Parkersburg Cardiology indicate Mr. Donalson had a long history of coronary artery disease, advanced chronic obstructive pulmonary disease, and poorly tolerated paroxysmal atrial fibrillation.

Mr. Donalson had repeat pulmonary function testing on October 20, 2010, which revealed moderate restrictive ventilatory impairment. On May 1, 2013, pulmonary function testing showed obstructive defect with the suggestion of associated restriction. Chest x-rays were taken on May 23, 2016, and showed mild cardiomegaly following a prior heart surgery and extensive bilateral calcified pleural plaques suggestive of an asbestos related disease. The x-rays were also suspicious for a small right basal infiltrate and a small right effusion concerning for pneumonia. Repeat chest x-rays taken June 3, 2016, showed opacification of the right hemidiaphragm with mild patchy density compatible with right basilar pneumonia; probable right pleural effusion; chronic obstructive pulmonary disease; and multiple, bilateral, scattered calcified pleural plaques.

A July 11, 2013, chest CT scan showed moderate right pleural effusion, an oval density in the right lower lung lobe, possible small nodules in the left lobe of the thyroid, and extensive bilateral calcified pleural plaques suggestive of asbestos exposure. The following day, Mr.

Donalson presented at Camden Clark Medical Center with shortness of breath. He was diagnosed with pleural effusion, asbestosis, chronic obstructive pulmonary disease, and chronic atrial fibrillation. Chest x-rays taken on July 24, 2013, showed no change to the oval density in the right lobe, an enlarged heart, and extensive bilateral calcified pleural plaques. Mr. Donalson was again treated at Camden Clark Medical Center on April 21, 2014. He was admitted to the hospital for pleural effusion, exacerbated chronic obstructive bronchitis, and exacerbated chronic obstructive pulmonary disease. Mr. Donalson reported increased shortness of breath, pain in his lower ribs, and a low fever. He was diagnosed with pneumonia.

On September 12, 2014, Mr. Donalson sought treatment from Camden Clark Medical Center for chest pain. On March 27, 2015, Mr. Donalson was treated at Camden Clark Medical Center for shortness of breath. The treating physician opined that the shortness of breath may be due to a lung condition but that pulmonary hypertension may also play a role. A March 31, 2015, chest CT scan showed numerous bilateral calcified pleural plaques, consistent with asbestosis; small to moderate pleural scarring in the right lung base; moderate heart enlargement; and atherosclerotic cardiovascular disease. A pulmonary function analysis completed on April 23, 2015, showed an obstructive defect with the suggestion of associated restriction, reduced diffusion capacity, and no significant response to bronchodilators. On April 29, 2015, Mr. Donalson was diagnosed with chronic obstructive pulmonary disease, asbestosis, and pulmonary hypertension. He had a pulmonary function test that showed both restrictive and obstructive disease. On June 2, 2015, it was noted that it was explained to Mr. Donalson that his symptoms stem from asbestosis, chronic obstructive pulmonary disease, and pulmonary hypertension, and the most that could be done was symptom management. It was noted that other components may be playing a larger role in his shortness of breath.

Mr. Donalson passed away on June 4, 2015, at the age of eighty-eight. The death certificate listed the cause of death as a heart attack. The underlying causes were ischemic atherosclerosis, atherosclerotic vascular disease, and high cholesterol. Chronic obstructive pulmonary disease and oxygen dependency were listed as other conditions contributing to death but not related to the underlying cause of death. The Occupational Pneumoconiosis Board reviewed Mr. Donalson's medical records and determined that at the time of his death, he had 20% impairment due to occupational pneumoconiosis. The Occupational Pneumoconiosis Board opined that occupational pneumoconiosis was not a material contributing factor in his death. The claims administrator denied Mrs. Donalson's request for dependent's benefits on October 5, 2016.

Dr. Gaziano performed a record review on June 17, 2017, in which he opined that Mr. Donalson had asbestosis with 20% pulmonary functional impairment. Dr. Gaziano found that pulmonary function testing showed progressive impairment consistent with asbestos related pleural and parenchymal disease. Dr. Gaziano opined that Mr. Donalson's cause of death was primarily a heart attack; however, his severe asbestos related lung disease, which developed over the course of fifteen years, was a significant, contributory factor in his death.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on March 7, 2018. It stated that the March 31, 2015, chest CT scan showed extensive pleural plaques with calcification consistent with asbestos related pleural disease. However, it found no

3

underlying parenchymal asbestosis. The Occupational Pneumoconiosis Board determined that chest x-rays did not show a large amount of chronic obstructive pulmonary disease. It disagreed with Dr. Gaziano's finding of parenchymal plaques. The Occupational Pneumoconiosis Board testified that Mr. Donalson's lung parenchyma was fairly normal based on the March 31, 2015, CT scan. The Occupational Pneumoconiosis Board concluded that based on his medical history and age, Mr. Donalson would have died when and how he did regardless of his asbestos exposure. Asbestosis was therefore not a major, contributing factor to his death.

The Office of Judges affirmed the claims administrator's denial of dependent's benefits on April 30, 2018. It found that the evidence shows Mr. Donalson had a pulmonary impairment award of 20% for asbestosis. He passed away on June 4, 2015, at the age of eighty-eight, due to a heart attack. The underlying causes were listed as ischemic atherosclerosis, atherosclerotic vascular disease, and high cholesterol. It was noted that chronic obstructive pulmonary disease and oxygen dependency were other conditions contributing, but not related, to the cause of death. The Occupational Pneumoconiosis Board testified at a hearing before the Office of Judges that Mr. Donalson's cause of death was a heart attack due to underlying coronary disease. It was noted that he had a significant history of coronary artery disease, atrial fibrillation, and congestive heart failure. The Occupational Pneumoconiosis Board found that he would have died when and how he did regardless of his asbestos exposure. It concluded that asbestosis was not a material contributing factor in Mr. Donalson's death.

Mrs. Donalson argued, per the report of Dr. Gaziano, that asbestosis was a material contributing factor in her husband's death. In his record review, Dr. Gaziano diagnosed mild interstitial changes and pleural plaques. He opined that pulmonary function testing showed a progressive impairment consistent with an asbestos related pleural and parenchymal disease. His finding of pleural plaques was based on the July 31, 2003, chest x-rays he performed. The Office of Judges found, however, that the radiographic interpretation of the July 31, 2003, chest x-rays fails to note any parenchymal abnormalities consistent with pneumoconiosis. Further, none of the radiographic studies of record found parenchymal plaques. The Occupational Pneumoconiosis Board testified that the March 31, 2015, chest CT scan showed extensive pleural plaques but no underlying parenchymal asbestosis. The Office of Judges therefore concluded that Dr. Gaziano's report is unreliable because it is not supported by the evidentiary record. Deference was given to the Occupational Pneumoconiosis Board's findings and conclusions per *Fenton Art Glass Co. v. West Virginia Office of the Insurance Commissioner*, 222 W. Va. 420, 664 S.E.2d 761 (2008), which states that the findings of the Occupational Pneumoconiosis Board may only be disregarded by the Office of Judges if it can be found that the Board's conclusions are clearly wrong. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991), the standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. West Virginia Code § 23-4-6a (2003) provides that the Office of Judges "shall affirm the decision of the

Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." The Occupational Pneumoconiosis Board determined that asbestosis played no material, contributing role in Mr. Donalson's death. The decision was based upon review of numerous radiographic and medical records. Mr. Donalson long suffered from heart conditions, including coronary artery disease and congestive heart failure, and died as a result of a heart attack. The evidence of record supports the Occupational Pneumoconiosis Board's conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5